His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
This is a suit for a balance due upon a contract.
In the language of defendant’s brief:
• “The sole and only question in this case is whether Mrs- Joseph L. Lazes, the defendant and appellee, owes the amount claimed to plaintiffs and appellants, Rouprich & Magruder, by whom she is being sued, or should she be sued by Anthony Rouprich, father of Adolph Rouprich of the firm of Rouprich & Magruder,”
In effect the contract is admitted, hut plaintiffs allege that the defendant contracted with them, and defendant *26 alleges that she contracted only with Anthony Rouprich ■aforesaid.
As the defendant has repeatedly acknowleged that this balance is due under the contract, and has repeatedly offered to pay it (by installments) to counsel, who claimed it for account of these plaintiffs; and as the party to whom defendant now claim to owe the money disclaims any interest therein, the question whether or not the contract was in fact entered into with the other party or with plaintiff's, would seem to be academic rather than practical.
The evidence shows, however, that the contract, a contract to build a house, was performed wholly by these plaintiffs, to the knowledge of defendant and with her full consent, and that she herself paid plaintiffs as the work progressed.
Plaintiffs, and that other party, and still another witness, all swear positively that the contract (a verbal one) was with plaintiffs, who alone had an interest therein. On the other hand defendant can be no more positive in her testimony than that she “candidly believed” that plaintiffs were merely acting in behalf of that other party (who was the father of one of the plaintiffs).
The preponderance of the evidence is therefore clearly with the plaintiffs, and sufficient to establish their claim.
Plaintiffs, however, are entitled to no privilege, the original contract being for more than $500, and not having been reduced to writing or recorded.
C. C., 2775.
It is therefore ordered that the judgment appealed from be reversed and it is now ordered that there be judgment in favor of plaintiffs, Rouprich & Magruder, and Adolph Rouprich and Joseph Magruder, and against the *27 defendant, Mrs. Annie Hinynb, Widow of George Hep-ting, and now wife of Joseph L. Cazes, for the full sum of two hundred and three 38/100 dollars ($203.38) with legal interest from December 17th, 1910, until paid and all costs of both Courts.
Opinion and decree, December 6th, 1915.